## Shadd v. Gies

*H. B. Sorg*, for claimant.

*B. R. Coppolo*, for defendant.

HIPPLE, P. J., May 9, 1941.—In this appeal by defendant and his insurance carrier from the award of the referee affirmed by The Workmen's Compensation Board the facts are not in dispute, and the appeal presents only a question of law.

Claimant, Harold Shadd, was born June 23, 1923, and on the date of the accident, May 16, 1939, he was approximately 15 years and 11 months old.

During the latter part of October 1938, he was employed by defendant who conducted a hotel in St. Marys, Pa., to do general work about the hotel property and its grounds after school hours on weekdays, and on Saturdays from about 8:30 a.m. until 3 p.m. He had been so employed regularly except for about two weeks in April 1939, and his average weekly wages were $2. On May 16, 1939, under the direction of defendant, he was attempting to place lime upon the lawn connected with the hotel premises and, in doing so, fell or tripped while carrying the basket containing the lime, as a result of which

various particles of lime flew into his face and right eye. He was immediately treated by Dr. A. C. Luhr of St. Marys and on the day following the accident was taken to the Jefferson Hospital in Philadelphia, Pa., where he was placed under the care of Dr. William Harrison. On June 26, 1939, his right eye was removed and thereby he sustained the loss of his right eye as a result of this accident, and it will be necessary for him to wear a permanent glass eye.

Defendant, his employer, did not comply with the provisions of the Child Labor Law of May 13, 1915, P. L. 286, as amended by the Act of July 19, 1935, P. L. 1335, in that he failed to obtain an employment certificate and to post in his place of business a printed abstract of the sections of the act and a list of all minors employed under the age of 18 years, together with a schedule of the hours of labor of said minors.

An award was made against the insurance carrier of defendant at the rate of $12 per week for 200 weeks, amounting to $2,400, and against defendant as additional compensation at the rate of $12 per week for a period of 200 weeks, amounting to $2,400, making a total award of $4,800, together with an award against the insurance carrier for the cost of medical and surgical services rendered claimant during the first three months of disability in an amount not exceeding $200, and the cost of hospital services during a like period and against defendant for the cost of artificial appliances necessitated by the accident.

An appeal was taken to the Workmen's Compensation Board upon the sole ground that the Act of June 4, 1937, P. L. 1552, was unconstitutional in that the compensation therein provided for was unreasonable. The board sustained the award of the referee and an appeal was thereupon taken by defendant and his insurance carrier to this court, alleging that the Workmen's Compensation Board erred in not making some finding as to

the reasonableness of the compensation awarded claimant; in not finding that the compensation awarded claimant was unreasonable in the light of the wages received by him under his contract of employment; and that the Act of June 4, 1937, P. L. 1552, was unconstitutional.

While the appeal to the Workmen's Compensation Board alleged that article III, sec. 306(a), of the Act of 1937 was unconstitutional, yet the award of compensation in this case is based not upon section 306(a), but upon section 306(c).

Section 306 provides three classifications for compensation: (a) Total disability; (b) partial disability; and (c) all disability resulting from permanent injuries: Lente v. Luci, 275 Pa. 217.

The amendatory Act of 1937, supra, sec. 306(c), 77 PS §513, provides that "For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

"For the loss of an eye . . . sixty-five per centum of wages during two hundred weeks" with the further provision that "this compensation shall not be more than eighteen dollars per week, nor less than twelve dollars per week."

The question is whether or not section 306(c) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended by the Act of June 4, 1937, P. L. 1552, is constitutional when applied to the facts in this case. Appellants argue that under the case of Rich Hill Coal Co. et al. v. Bashore, 334 Pa. 449, section 306(c) of the Act of 1937 is unconstitutional because the compensation which is there required to be paid is not reasonable or authorized by article III, sec. 21, of the Constitution of Pennsylvania.

The Rich Hill Coal Company case came before the Supreme Court on a bill in equity filed by certain coal companies to restrain the Secretary of Labor and Industry from enforcing, inter alia, the Act of June 4, 1937, P. L.

1552. The record was remitted to the court below for further proceedings in accordance with the opinion. In the discussion as to the test of reasonableness, Mr. Justice Maxey stated:

". . . we are not able from the record now before us to decide whether or not all the prescribed compensation rates are reasonable. A decision as to this depends on the facts in the cases presented and when these cases reached us the essential facts had not been established. We are therefore sending these cases back to the court below for the full development of facts and for proper and ample findings."

No specific reference was made by the Supreme Court to section 306(c) of the Act of 1937. However, section 306(a) (providing for compensation for total disability) was specifically referred to and in this connection the Supreme Court stated:

"There are many provisions of Act No. 323, which are alleged to be unreasonable. For example, under section 306 A of Act No. 323 the minimum compensation 'for the first 500 weeks after the 7th day of total disability, . . . shall not be . . . less than twelve dollars per week, . . . provided that if total disability shall continue for a period of four weeks or more, the employee also shall be entitled to receive compensation for the first seven days of total disability. Should total disability become permanent, then, in addition to the compensation provided for 500 weeks, and beginning at the expiration of the 500 weeks, the sum of $30 per month shall be payable during such permanent total disability prior to death.' It is obvious that the above provision for compensation for life imposes a heavy burden on industry and if the complainants can prove that the minimum of $12 per week exceeds in a substantial number of instances the wages paid, the provision should be adjudged unreasonable. A law which requires an employer to pay a disabled employee, and particularly for a long period, more than the employee earned

before his disability arose, does not conform to the constitutional test of reasonableness. The most earnest advocates of Workmen's Compensation Laws never contemplated that the rate of compensation for disabled employees should be placed so high as to make idleness more remunerative than work."

It will be noted, however, that the Supreme Court held that section 306 (a) should be adjudged unreasonable and therefore unconstitutional only if "the complainants can prove that the minimum of $12 per week exceeds in a substantial number of instances the wages paid", and in discussing the question of reasonableness of the compensation prescribed by the act it was further stated:

"The reasonableness of the compensation prescribed by statute must be determined by a consideration of the requirements of both employee and employer. The burden on the employer is not determined simply by the rate of compensation but by compensation multiplied by the number of times it has to be paid. A rate of compensation which would be a negligible burden to a great industry in which there were a comparatively small number of employees injured annually might be a crushing burden to an equally great industry in which there were a comparatively large number of employees injured during an equal period of time. . . . Just as in physics, momentum means mass multiplied by velocity, so the 'momentum' with which a Workmen's Compensation Law bears down on industry depends on the compensation prescribed in *individual* cases multiplied by the *number* of cases in which the prescribed compensation is translated into dollars to be paid out of the product of the industry affected."

Except for certain specific provisions of the Act of June 4, 1937, which do not apply to this case, the Supreme Court stated that The Workmen's Compensation Act of June 4, 1937, P. L. 1552, is "*not* adjudged to be unconstitutional, but the questions as to the *reasonableness* of the

compensation prescribed by it and *as to the validity otherwise* of its several provisions *are left open* for future judicial determination in appropriate proceedings . . ."

There was no evidence before the referee as to the compensation for which defendant might be liable in individual cases or the number of cases in which the prescribed compensation would be translated into dollars to be paid out of the income from defendant's business, nor was there any evidence to show whether or not the rate of compensation prescribed in the Act of 1937 would be a negligible burden to defendant, because of the comparatively small number of employes who might be injured annually, nor anything to indicate the number of times the prescribed compensation might have to be paid by defendant so as to show that the compensation prescribed by the Act of 1937 would be a crushing burden upon him.

It is true that the Supreme Court stated that a law which requires an employer to pay a disabled employe, and particularly for a long period, more than the employe earned before his disability arose does not conform to the constitutional test of reasonableness. That statement was made with reference to section 306 (a) relating to total disability, which also provides that if the total disability becomes permanent then in addition to the compensation provided for 500 weeks and beginning at the expiration thereof the employe should be entitled to the sum of $30 per month during such permanent disability prior to death. If such permanent total disability existed, an employe would be entitled to an annuity of $30 monthly, which, the Supreme Court stated, "imposes a heavy burden on industry". However, as stated the award in this case is not under section 306 (a), but under 306 (c), and there is no testimony to show that the business conducted by defendant would not be able to continue to operate with a reasonable return on the money invested therein, or that his business would be injured or harmed because of the number of cases in which the prescribed

compensation would be translated into dollars to be paid out of the income therefrom, or that the minimum of $12 per week would exceed in a substantial number of cases the wages paid by defendant.

As applied to the facts in this case shown by the testimony, we hold that the compensation prescribed by section 306 (c) of the Act of June 4, 1937, P. L. 1552, for the loss of an eye is not unreasonable and therefore section 306 (c) is not unconstitutional. Accordingly the following order is made:

### Order

And now, May 9, 1941, the exceptions of appellants to the award of the Workmen's Compensation Board and the appeal of appellants from said award are hereby dismissed, and the award of the Workmen's Compensation Board affirming the findings of fact and conclusions of law of the referee is hereby affirmed.

Judgment is hereby accordingly entered for claimant, Harold Shadd, against the Fidelity & Casualty Company of New York, insurance carrier, in the sum of $2,600, representing $2,400 compensation, and $200 medical, surgical and hospital services; and against Joseph Gies, defendant, in the sum of $2,424, representing $2,400 as additional compensation and $24 cost of artificial appliances, said amounts being the total amounts stated by the award.